United States District Court
Northern District of California

1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5     CEASER RAMIREZ,                              Case No.  22-cv-03652-SVK

6                    Plaintiff,

7             v.                                    **ORDER ON MOTION TO DISMISS**

                                                    Re: Dkt. No. 10
8     SOCIAL SECURITY ADMINISTRATION,

9                    Defendant.

10

11          On April 27, 2022, Plaintiff Ceasar Ramirez,[1] representing himself *pro se*, filed a

12    complaint in Santa Clara County Superior Court.  Dkt. 2 at Ex. 1 ("Complaint").  Plaintiff, who

13    claims that he is legally blind, alleged that his "parents, (Deceased) initially filed for Social

14    Security Benefits, upon plaintiff's Birth using his Social Security Number [redacted]" and

15    "Defendants never fulfilled benifits (sic) still owed to the Plaintiff, and parents did not know how

16    to proceed to enforce benefits."  Complaint ¶ 8.  Defendant Social Security Administration

17    ("SSA") removed the action to this Court, on the grounds that because Plaintiff seeks review of

18    SSA's denial of Social Security benefits, this action arises under the constitution and laws of the

19    United States and is therefore an action over which the district courts of the United States have

20    original and, in this case, exclusive jurisdiction.  Dkt. 2 at PDF p. 2 (citing 28 U.S.C. § 1331;

21    42 U.S.C. § 405(g)).  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 7,

22    8.

23          SSA now moves to dismiss the complaint for lack of subject matter jurisdiction.  Dkt. 10.

24    The Court deems this matter suitable for determination without oral argument.  Civ. L.R. 7-1(b).

25    For the reasons discussed below, the Court **GRANTS** SSA's motion to dismiss.  Because

26    amendment would be futile, dismissal is **WITHOUT LEAVE TO AMEND**.

27

28    [1] Plaintiff's Complaint states that he is also known as "Caesar Ramirez."  Complaint ¶ 4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## I.     FACTUAL BACKGROUND

The following discussion of the facts is based on Plaintiff's complaint and the facts set forth in the Parties' submissions in connection with SSA's motion to dismiss.  Plaintiff alleges that on or about January 1, 1968, shortly after his birth, his parents applied for Social Security benefits based on Plaintiff's vision disability at birth.  Complaint at PDF p. 10.  According to Plaintiff, SSA "continue[s] to negligently and willfully deny back benefits still owed to plaintiff."  *Id.* Plaintiff alleges that his parents, now deceased, "apparently did not know how to proceed to enforce disability benefits at that time (1968) and received no guidance from the Department of Health and Human Services – Social Security office at San Jose, California."  *Id.*  Plaintiff asserts causes of action for "Breach if (sic) Financial Duty to pay Social Security Benefits" and "Intentional Infliction of emotional and mental distress by willfully refusing to fulfil (sic) past benefits still owed to plaintiff, proximately causing unnecessary life hardships spanning lifetime." *Id.* ¶ 10.  Plaintiff seeks general and exemplary damages.  *Id.* at PDF p. 9; *see also* Dkt. 18. Plaintiff was incarcerated at Salinas Valley State Prison in Soledad, California at the time the original complaint was filed in state court.  Complaint at PDF p. 4.  As of November 2, 2022, Plaintiff is incarcerated at San Quentin State Prison.  Dkt. 17.

In support of its motion to dismiss, SSA filed the declaration of Erika De Santos, a SSA District Manager based in the agency's East San Jose District Office.  Dkt. 10-1 ¶ 2.  According to Ms. De Santos, agency records reveal that Plaintiff's mother filed a child's application for Supplemental Security Income ("SSI") on Plaintiff's behalf on August 19, 1974, alleging disability beginning on January 1, 1966.  *Id*. ¶ 3(a).  SSA denied the claim on October 17, 1975, and "[a]gency records do not show that the denial was appealed."  *Id.*  A second child's application for SSI was filed on October 22, 1975.  *Id.* ¶ 3(b).  The claim was denied on December 10, 1975, and "[a]gency records do not show that the denial was appealed."  *Id.*  A third application was denied on March 9, 1992, and again, "[a]gency records do not show that the denial was appealed."  *Id.*  According to SSA's records, Plaintiff does not have any benefit applications or appeals pending at SSA.  *Id.* ¶ 3(c).

Plaintiff did not file an opposition to the motion to dismiss by the original deadline.  *See*

2

United States District Court
Northern District of California

1   Dkt. 15.  However, the Court ordered SSA to re-serve the motion to dismiss because Plaintiff had

2   sent letters to the Court with a different address than the address where SSA originally served the

3   motion to dismiss.  *Id.*; *see also* Dkt. 13, 14.  Following re-service of the motion to dismiss,

4   Plaintiff sent two additional letters to the Court.  Dkt. 18, 19.  The Court will treat Plaintiff's

5   letters at Dkt. 13, 14, 18, and 19 as his opposition to SSA's motion to dismiss.  As the Court

6   understands them, those letters include the following statements:

- Plaintiff's letter dated October 1, 2022 refers to "little boys [who] got hurt in my life" and discusses various injuries.  Dkt. 13.

- Plaintiff's letter dated October 17, 2022 states that he is "awarding" Rudy Arocha, who appears to be an inmate at Salinas Valley Prison, $2000 "for services of paralegal and Atterney (sic) Duties of my two Law Suits" and gives a prison post office box address for Mr. Arocha.  Dkt. 14.

- Plaintiff's letter dated November 7, 2022 asserts that this Court has jurisdiction and that "the Social Security Office court does not have Jurisdiction over your Federal Court."  Dkt. 18.  In that letter, Plaintiff also asks the Court to respond to him and his "Attorney Rudy Arocha."  Dkt. 18.  Plaintiff states "I wrote to his home address and let him know to file a Notice of Appearance on my Behalf."  *Id.*  Plaintiff's notice of change of address filed on the same date also refers to "Atterney (sic) Rudy Arocha."  Dkt. 17.

- Plaintiff's letter dated January 3, 2023 states that he is "waiting on a Responce (sic) Letter from you on Behalf of my law suit."  Dkt. 19.  He also inquires whether the Court is "interested" in a case for another person, Wesley Brown Lee, and he asks the Court to consolidate this case with a case against O'Connor Hospital (case No. 22-cv294099).  *Id.*

25   Following receipt of Plaintiff's October 17, 2022 letter, the Court included the following

26   directive in its October 25, 2022 order:

27

28

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's October 17, 2022 letter contains language that indicates Plaintiff may
have retained Rudy Arocha "for services of paralegal and attorney duties" in this
lawsuit and another state court lawsuit.  If Plaintiff intends for Mr. Arocha to
represent Plaintiff as his attorney in this action, Mr. Arocha must file a notice of
appearance and comply with the other requirements set forth in this District's Civil
Local Rules, including Civil Local Rule 5-1(c) (regarding registration for electronic
case filing) and, if applicable, Civil Local Rule 11-3 (regarding to appear pro hac
vice).

Dkt. 15.  Plaintiff's subsequent letter, dated November 7, 2022, states that he informed

Mr. Arocha of the need to file a notice of appearance.  Dkt. 17.  However, Mr. Arocha has not

filed a notice of appearance in this case, and this District's records do not identify Mr. Arocha as

an attorney admitted to practice in this Court.  Accordingly, the Court will continue to proceed

consistent with the fact that Plaintiff represents himself *pro se* in this case.

## II.     LEGAL STANDARD

SSA moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)

for lack of subject matter jurisdiction.  Dkt. 10.  Rule 12(b)(1) motions can challenge subject

matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the

complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings.  *See Safe*

*Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial challenge asserts that

"the allegations contained in a complaint are insufficient on their face to invoke federal

jurisdiction."  *Id.*  If a defendant initiates a factual attack by submitting a declaration with extrinsic

evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of

the plaintiff's allegations."  *Id.*

## III.    DERIVATIVE JURISDICTION

SSA argues that the complaint should be dismissed under the doctrine of derivative

jurisdiction.  Dkt. 10 at 4-6.  This doctrine provides that when an action is "removed from state

court pursuant to § 1442, [the federal district court's] jurisdiction is derivative of the state court's

jurisdiction."  *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997).  Thus, "[i]f the

state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none,

although it might in a like suit originally brought there have had jurisdiction."  *Lambert Run Coal*

*Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922); *see also Rodriguez v. United States*, 788

1    Fed. Appx. 535, 536 (9th Cir. 2019) ("the long-standing derivative jurisdiction doctrine provides

2    that if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on

3    removal"); *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) ("under this doctrine

4    of derivative jurisdiction, because the North Carolina state court did not have subject-matter

5    jurisdiction over Bullock's Title VII claim against the Secretary, neither did the district court after

6    the Secretary removed the action under 28 U.S.C. § 1442(a)").

7         The gravamen of Plaintiff's complaint filed in state court is a claim for Social Security

8    benefits. *See, e.g.,* Complaint ¶10 (asserting claims for "Breach if (sic) Financial duty to pay

9    Social Security Benefits" and "willfully refusing to fulfill past benefits still owed to plaintiff").  In

10   determining whether the state court had subject matter jurisdiction before removal of this case, the

11   Court begins by noting that "[t]he United States, as sovereign, is immune from suit in state or

12   federal court except to the extent that Congress has expressly waived such sovereign immunity."

13   *Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1136 (9th Cir. 2013).  The complaint filed in state

14   court did not cite to any statute waiving defendants' immunity from suit in state court.  *See*

15   Complaint.  Nor does there appear to be any such statute that would be applicable to this action

16   based on the allegations found in the complaint.  For example, the Administrative Procedures Act,

17   5 U.S.C. § 702, waives the United States' sovereign immunity, but not for suit in state court, as it

18   "creates exclusive jurisdiction in the federal courts to review decision of federal agencies."  *City*

19   *and County of San Francisco v. U.S.*, 930 F. Supp. 1348, 1352 (N.D. Cal. 1996).  42 U.S.C.

20   § 405(g) permits a plaintiff to challenge the final decision of the Commissioner of Social Security,

21   but that action must "be brought in the district court of the United States[.]"  Moreover, an action

22   based on the negligent or wrongful conduct of a government employee may be brought against the

23   United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. §§ 2671-

24   2680, but the FTCA "vests the federal district courts with exclusive jurisdiction over suits arising

25   from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th

26   Cir. 1992).

27         Therefore, because the state court lacked subject matter jurisdiction over this action prior

28   to removal, "under the derivative jurisdiction doctrine, the district court also lacks

United States District Court
Northern District of California

United States District Court
Northern District of California

1    jurisdiction." *Cox v. U.S. Dept. of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015).

2    Accordingly, SSA's motion to dismiss should be granted. *See Bey v. Cnty. of Sacramento*, No.

3    219CV2467JAMDBPS, 2020 WL 3402400, at *2–3 (E.D. Cal. June 19, 2020), report and

4    recommendation adopted, No. 219CV2467JAMDBPS, 2020 WL 5943976 (E.D. Cal. Oct. 7,

5    2020).

6    **IV.     FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

7         The Social Security Act provides procedures for determining eligibility for Social Security

8    benefits within the agency and includes multiple levels for individuals to seek review of

9    unfavorable decisions.  Only after an individual has exhausted all levels of review within the

10    agency may he seek federal court review of "any final decision of the Commissioner

11    of Social Security." 42 U.S.C. § 405(g).  That section provides, in relevant part:

12

13        **(g) Judicial review**

14        Any individual, after any final decision of the Commissioner of Social Security
       made after a hearing to which he was a party, irrespective of the amount in

15        controversy, may obtain a review of such decision by a civil action commenced
       within sixty days after the mailing to him of notice of such decision or within such

16        further time as the Commissioner of Social Security may allow. Such action shall
       be brought in the district court of the United States for the judicial district in which

17        the plaintiff resides, or has his principal place of business, or, if he does not reside
       or have his principal place of business within any such judicial district, in the

18        United States District Court for the District of Columbia . . .

19    42 U.S.C. § 405(g).

20         "Exhaustion is generally required as a matter of preventing premature interference with

21    agency processes, so that the agency may function efficiently and so that it may have an

22    opportunity to correct its own errors, to afford the parties and the courts the benefit of its

23    experience and expertise, and to compile a record which is adequate for judicial review."

24    *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).  In this case, Plaintiff has not alleged that he has

25    received a final decision from the Commissioner, within the meaning of and as required

26    by 42 U.S.C. § 405(g) in order to file a federal lawsuit related to Social Security benefits.

27         The Supreme Court has held that section 405(g)'s "condition" on judicial review "consists

28

United States District Court
Northern District of California

1    of two elements": a non-waivable, "jurisdictional" "requirement that a claim for benefits shall

2    have been presented to the [Commissioner]," and a "waivable … requirement that the

3    administrative remedies prescribed by the [Commissioner] be exhausted." *Mathews v. Eldridge,*

4    424 U.S. 319, 328 (1976).

5         Plaintiff alleges, and the Commissioner confirms, that Plaintiff's parents presented his

6    claim for benefits to the agency by filing an applications for SSI benefits. Complaint ¶ 9; Dkt.

7    10-1 ¶ 3. However, even assuming the decades-old claims made by Plaintiffs' parents satisfied the

8    first, non-waivable "presentment" requirement, there is a second element requiring exhaustion of

9    administrative remedies in section 405(g), which a recent Supreme Court case explains as follows:

> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. See 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

15   *Smith v. Berryhill,* 139 S. Ct. 1765, 1772 (2019). In *Smith*, the claimant received an "ALJ hearing

16   on the merits" but his request for Appeals Council review of the ALJ decision was untimely.

17   *Smith*, 139 S. Ct. at 1775. However, *Smith* stated that "an ALJ hearing is not an ironclad

18   prerequisite for judicial review." *Id* at 1774.

19        As noted above, section 405(g)'s exhaustion requirement is waivable. *Kildare v. Saenz*,

20   325 F.3d 1078, 1082 (9th Cir. 2003). To determine "whether a particular case merits

21   judicial waiver of § 405(g)'s exhaustion requirement," the claim must be "(1) collateral to a

22   substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief

23   will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the

24   purposes of exhaustion (futility)." *Id*. (internal quotation marks and citations omitted).

25   Waiver of section 405(g)'s exhaustion requirement is not appropriate in this case because

26   Plaintiff's claim is not collateral; instead, it is "essentially a claim for benefits." *Johnson v.*

27   *Shalala,* 2 F.3d 917, 922-23 (9th Cir. 1993) (citing *Bowen v. City of New York*, 476 U.S. 467, 483

28   (1985). Any error in Plaintiff's benefits, if properly presented, could be remedied by retroactive

7

1    payments.  *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  Finally, the purposes

2    of exhaustion would not be served by waiver.  To the contrary, upholding the requirement that

3    Plaintiff obtain a final agency decision before seeking judicial review serves the purposes of that

4    requirement, including permitting the agency to first consider disability claims and "to compile a

5    record which is adequate for judicial review."  *Weinberger*, 422 U.S. at 765.

6           Courts have also sometimes waived the requirement of a "final decision of the

7    Commissioner of Social Security made after a hearing" where the Commissioner expressly and

8    unambiguously waived reliance on that element of the exhaustion requirement.  *See, e.g.*, *Wilson*

9    *v. Commissioner of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *3 (11th Cir. 2021) (per

10   curiam).  Here, however, the SSA has not waived the exhaustion requirement and instead moves

11   to dismiss the case for lack of subject matter jurisdiction.  Moreover, unlike in *Wilson*, where the

12   ALJ issued an order dismissing the plaintiff's request for a hearing after he failed to appear at the

13   hearing as scheduled, in this case Plaintiff never sought or obtained any kind of hearing, much less

14   a final decision after a hearing, from SSA.  The allegations of Plaintiff's complaint indicate that no

15   steps were taken after his original claims were rejected.

16          Accordingly, the Court also dismisses the complaint for lack of subject matter jurisdiction

17   on the grounds that Plaintiff failed to exhaust his administrative remedies.

18   **V.     LEAVE TO AMEND**

19          The undersigned has carefully considered whether Plaintiff could further amend the

20   complaint to state a claim over which the court would have subject matter jurisdiction.  Valid

21   reasons for denying leave to amend include "undue delay, bad faith, prejudice, and futility."

22   *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.

23   1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293

24   (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to

25   allow futile amendments).

26          In light of the deficiencies noted above, the Court finds that it would be futile to grant

27   plaintiff leave to amend the complaint.  The derivative jurisdiction doctrine would preclude

28   jurisdiction over an amended complaint because the fact would remain that the state court did not

United States District Court
Northern District of California

8

1   have jurisdiction over the original complaint when it was filed.  In addition, Plaintiff cannot by

2   amending his complaint establish that he has satisfied the requirement that he exhaust his

3   administrative remedies or that waiver of that requirement is appropriate.

4         Accordingly, the Court dismisses the complaint **WITHOUT LEAVE TO AMEND.**  The

5   Clerk of Court shall close the file.

6         **SO ORDERED.**

7   Dated: March 1, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California